IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMEL LASSITER** | : | CIVIL ACTION |
| *Plaintiff-pro se* | : | |
| | : | NO. 14-4130 |
| v. | : | |
| | : | |
| **DRC-GAUDENZIA,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                        APRIL 9, 2015

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court are three motions and separate briefs filed by Defendants[1] pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), which seek the dismissal of the federal civil rights claims against them for failure to state a claim on which relief can be granted. [ECF 16, 17, 19, 20 and 22]. Jamel Lassiter ("Plaintiff"), acting *pro se*, has not filed a response to any of the motions, though these motions were properly served unto him. The motions to dismiss are ripe for disposition.

For the reasons stated herein, the motions to dismiss are granted.

### BACKGROUND

On July 3, 2014, Plaintiff, acting *pro se,* filed an application to proceed in federal court without prepaying fees or costs with an attached civil rights complaint. [ECF 1]. On July 9, 2014, this Court denied Plaintiff's application, without prejudice, for failure to file a certified prisoner account statement. [ECF 2].

---

[1] Defendants include the following: DRC-Gaudenzia, Melvin Thompson, John Doe Barsdell, Ms. Jane Doe Murray, John Doe Mason, Mark Thompson, and Ms. Paulette Pollard. The Pennsylvania Board of Probation and Parole was dismissed by this Court's Order of October 14, 2014. [ECF 7].

On August 4, 2014, Plaintiff re-filed his application with the requisite prisoner account statement. By Order dated August 7, 2014, this Court granted Plaintiff leave to proceed *in form pauperis* and to file an amended complaint which should "state as clearly and briefly as possible: (1) how each defendant, named in the caption of his complaint, has violated his constitutional rights, (2) the dates on which the events giving rise to his claims occurred, and (3) what harm, if any, he has suffered from the actions of each defendant." [ECF 4]. On August 8, 2014, Plaintiff filed a document captioned "Amendments," which purports to be an amended complaint. [ECF 6]. Though Plaintiff's amended complaint contains very few facts, this Court will construe Plaintiff's claims as if brought pursuant to 42 U.S.C. §1983, since this statute alone provides for the civil remedy against state actors for alleged constitutional violations.

The earliest motion to dismiss was filed on November 12, 2014, [ECF 16], and the latest one was filed on December 15, 2014. [ECF 22]. Despite being served with these motions, Plaintiff has not filed a response. Notwithstanding, when ruling on the motions to dismiss, this Court must accept, as true, all relevant factual allegations in the amended complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). These allegations, as best gleaned from Plaintiff's pleadings, are summarized as follows:

> On August 30, 2012, Plaintiff was apparently a patient at the DRC-Gaudenzia, a substance abuse treatment center. Sometime between 9:30 and 10:00 a.m., on that date, an undescribed incident occurred and Plaintiff was charged with assault against DRC-Gaudenzia staff and parole agent Mark Thompson. Plaintiff disputes the assault charges that led to his arrest and alleges that Defendants lied and falsely documented the incident.

> Plaintiff seeks release from prison, termination of the "corrupted staff," and monetary compensation for his pain and suffering.

**LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11. The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [her] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Even though pleadings and other submissions by *pro se* litigants are subject to liberal construction and the courts are required to accept the truth of a plaintiff's well-pleaded allegations while drawing reasonable inferences in a plaintiff's favor, *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam)), a *pro se* complaint must still "contain sufficient factual matter, accepted as

3

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

In his amended complaint, Plaintiff seeks various forms of relief, including, *inter alia*, monetary damages as a result of injuries he allegedly suffered from the August 30, 2012 incident at DRC-Gaudenzia, a substance abuse treatment center. Construing the amended complaint liberally, Plaintiff appears to assert §1983 claims against Defendants for an alleged violation of, otherwise unspecified, constitutional rights.

To maintain a cause of action under §1983, a plaintiff "must allege the violation of a right secured by the Constitution and/or the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).[2] It is well-settled that "a defendant must be personally involved in the alleged actions for liability to attach under section §1983." *Bonham v. Givens*, 17 F.App'x 148, 150 (3d Cir. 2006) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976)). The mere fact that a defendant holds a supervisory position, without more, is insufficient to impose liability under §1983 because liability may not be premised on a theory of *respondeat superior* or vicarious liability. *Durmer v. O'Carroll*, 91 F.2d 64, 69 n. 14 (3d Cir. 1993); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

While Rule 8(a)(2) requires only a short and plain statement of the claim showing that a plaintiff is entitled to relief, the plaintiff's pleadings, however, must contain facts sufficient to make the claims plausible. In his amended complaint, Plaintiff sets forth no facts from which

---

[2] For purposes of their motions to dismiss only, Defendants have "assumed" that they will be considered state actors and, therefore, make no argument otherwise. Because the issue was not argued in the instant motions, this Court expresses no opinion as to whether Defendants are, in fact, state actors.

one could infer that any of the Defendants wronged Plaintiff or violated his constitutional rights. At best, Plaintiff's amended complaint sets forth a conclusory laundry list of alleged wrongs, but is void of any facts to support them. With regard to the individual Defendants, Plaintiff alleges no facts that could establish their personal involvement in any alleged constitutional violations. As such, Plaintiff has not alleged any facts to establish any wrongful acts by Defendants, let alone acts that could rise to the level of a constitutional violation. Accordingly, the claims against Defendants are dismissed.

To the extent it might appear that Plaintiff intended to challenge a revocation of his parole in this lawsuit, such claim is precluded by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). As established in *Heck*, a plaintiff may not pursue a claim under §1983 that directly or implicitly calls into question the validity of his conviction unless he demonstrates that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87; *see also Gilles v. Davis*, 427 F.3d 197, 209 (3d Cir. 2005); *Bush v. Philadelphia Police Department*, 387 F.App'x 130, 132 (3d Cir. 2010). The *Heck* doctrine has been extended and applied to unlawful detention claims based upon decisions regarding the revocation of parole. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).

In the amended complaint, Plaintiff seeks relief that, *inter alia*, calls into question the revocation of his parole as a result of the August 30, 2012 incident and a request to be "released from prison." Because Plaintiff has not alleged that his parole revocation has been overturned or impaired in any way, Plaintiff's §1983 claim on this issue is barred, as a matter of law, by *Heck*.

### *Leave to Amend*

Although the Third Circuit has directed that a district court must ordinarily provide a civil rights plaintiff an opportunity to file an amended complaint where the original complaint is subject to dismissal under Rule 12(b)(6), *see Phillips*, 515 F.3d at 245 (reiterating the rule that leave to amend must be granted *sua sponte* in civil rights actions, "unless such an amendment would be inequitable or futile."), it is this Court's view that any such attempt to amend a second time would be legally futile. First, Plaintiff has already been given one opportunity to file an amended complaint, and was expressly advised "to state as clearly and briefly as possible: (1) how each defendant . . . has violated his constitutional rights, (2) the dates on which the events giving rise to his claims occurred, and (3) what harm, if any, he has suffered from the actions of each defendant." Notwithstanding this specific direction, Plaintiff's amended complaint (as was the original complaint) is void of the most basic facts. In addition, Plaintiff appears to be challenging the revocation of his parole. As discussed above, in the absence of a reversal of the revocation, such a claim is barred as a matter of law. It is this Court's view, therefore, that any attempt to amend the complaint a second time would be futile.

### CONCLUSION

For the reasons stated herein, Defendants' motions to dismiss are granted and Plaintiff's amended complaint is dismissed, with prejudice. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.